T.C. Summary Opinion 2001-66

UNITED STATES TAX COURT

DAVID ALPHONSE DE STROOPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3195-00S.                      Filed May 7, 2001.

David Alphonse De Strooper, pro se.

<u>Ross M. Greenberg</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's 1997 Federal income tax in the amount of $1,188. The issues for decision are (1) whether petitioner is entitled to a dependency exemption deduction for his son, and (2) whether petitioner is entitled to head-of-household filing status.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Clearwater, Florida.

Background

Petitioner was married to Aimee C. De Strooper (Mrs. De Strooper) in 1989. Petitioner and Mrs. De Strooper had one child, Aaron D. De Strooper (Aaron), who was born June 15, 1990. In the fall of 1993, petitioner and Mrs. De Strooper executed a marital settlement agreement (the agreement) which was filed with the Circuit Court of the Sixth Judicial Circuit for Pinellas County. The agreement recognized that petitioner and Mrs. De Strooper were living apart and desired to settle their respective property rights and all matters relating to child custody, visitation, and support for their child.

The agreement provided that petitioner and Mrs. De Strooper would share responsibility in decisions relating to the health and welfare of their son Aaron. The agreement also provided as follows:

9.   CHILD CUSTODY AND VISITATION

     The wife shall have the primary residential care of the minor child with the parties enjoying shared parental responsibility as outlined hereinabove.

     The husband shall have reasonable and liberal rights of visitation that shall include a schedule as follows:

     1. The husband shall have from every Wednesday evening through Saturday morning.

The agreement further provided for a detailed schedule of physical custody during holidays and special occasions. Petitioner was required to pay $475 per month for support of Aaron.  Petitioner was also required to pay for medical insurance for Aaron as well as any medical bills.  Respondent has not raised any questions that support and other payments were not made pursuant to the agreement.

On his 1997 Federal income tax return, petitioner claimed head-of-household filing status and a dependency exemption deduction for his son.  In the notice of deficiency, respondent disallowed the claimed dependency exemption deduction and also adjusted the filing status from head-of-household to single because Mrs. De Strooper had custody of Aaron.  Petitioner asserts that he is entitled to the dependency deduction and the head-of-household filing status since his son lived with him half the time and he paid more for his son's support than Mrs. De Strooper.  He further argues that the language in the marital

settlement agreement providing primary residential care to Mrs. De Strooper is merely to comport with Florida custody law.

Discussion

    A.   <u>Dependency Exemption Deduction for Aaron</u>

Section 151 allows a taxpayer to deduct an exemption amount for each dependent as defined in section 152. The term "dependent" includes a taxpayer's son over half of whose support for the calendar year is received from the taxpayer. See sec. 152(a)(1).

The support test in section 152(e)(1) applies if: (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are divorced under a decree of divorce; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year. If these requirements are satisfied, as in the present case, the "child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the custodial parent)" thus allowing the dependency exemption to be claimed by the "custodial parent". Sec. 152(e)(1); see sec. 1.152-4(c), Income Tax Regs.

Custody is determined by the terms of the most recent custody decree if there is one in effect. See sec. 1.152-4(b), Income Tax Regs. The agreement provides that Mrs. De Strooper

has the "primary residential care of the minor child". Based on the agreement, Aaron spent more than one-half of 1997 with Mrs. De Strooper. Therefore, Mrs. De Strooper is the custodial parent and petitioner is the noncustodial parent of Aaron for 1997.

Petitioner, as the noncustodial parent, is allowed to claim a child as a dependent only if he meets one of three statutory exceptions under section 152(e). The noncustodial parent can claim the dependency exemption deduction (1) if the custodial parent releases claim to the exemption for the year, (2) if a multiple-support agreement is in effect, or (3) if the decree of divorce was executed prior to 1985, the decree expressly provides that the noncustodial parent is entitled to the deduction, and the noncustodial parent provides at least $600 for the support of the child. See sec. 152(e)(2), (3), (4); sec. 1.152-4T, Temporary Income Tax Regs., 45 Fed. Reg. 34459 (Aug. 31, 1984).

None of the exceptions applies to this case. The record does not indicate that Mrs. De Strooper released her claim to the exemption. Further, a multiple-support agreement was not in effect, and the decree of divorce was executed after 1984. While we believe that petitioner provided more than half of Aaron's support, we are bound by the rigors of section 152(e). Therefore, we sustain respondent's determination.

B.  <u>Filing Status</u>

As relevant herein, an individual qualifies as a head of a household if such individual (1) is not married at the close of his taxable year and (2) maintains as his home a household that constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of his son.  See sec. 2(b)(1)(A).  The term "principal place of abode" is synonymous with "home".  See sec. 1.2-2(c)(1), Income Tax Regs.

At trial, petitioner claimed that Aaron resided with him for half of 1997.  The agreement provides that petitioner has custody of Aaron for only 3 nights per week, and at best, 3 days per week.  There is nothing in the record to indicate that Aaron resided with petitioner for more than one-half of 1997.  We hold that petitioner does not qualify for head-of-household filing status for taxable year 1997.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.